THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Luther B. Pearson, Appellant.
 
 
 

Appeal From Union County
R. Knox McMahon, Circuit Court Judge
Unpublished Opinion No. 2010-UP-216
Submitted March 1, 2010  Filed March
 15, 2010
AFFIRMED 

 
 
 
 Lanelle
 Cantey Durant, of Columbia, for Appellant.
 Attorney
 General Henry Dargen McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General
 William M. Blitch, Jr., all of Columbia, and Solicitor Kevin S. Brackett, of
 York, for Respondent.
 
 
 

PER
 CURIAM: 
 This appeal involves a 2008 conviction for committing a lewd act upon a child
 under the age of sixteen.  On appeal, Pearson argues the trial court erred in not
 allowing defense counsel to question the victim regarding her school
 disciplinary actions under Rule 608, SCRE, or to cross-examine the victim's
 teacher regarding specific instances of the victim's conduct.  Additionally,
 Pearson argues the trial court erred by denying his motion for a mistrial and
 failing to provide a curative instruction when opposing counsel referred to a
 blood test which was held inadmissible due to an insufficient chain of custody.
We affirm[1] pursuant to
 Rule 220(b)(2), SCACR, and the following authorities:  Rule 608(a), SCRE (stating
 the credibility of a witness and her character for truthfulness may only be
 attacked by evidence in the form of reputation or opinion); Rule 405(a),
 SCRE ("In all cases in which evidence of character or a trait of character
 of a person is admissible, proof may be made by testimony as to reputation or
 by testimony in the form of an opinion.  On cross-examination, inquiry is
 allowable into relevant specific instances of conduct.");[2] McKissick v.
 J.F. Cleckley & Co., 325 S.C. 327, 350, 479 S.E.2d 67, 79 (Ct.
 App. 1996) (finding appellant who did not request a curative instruction was
 barred from arguing the court erred in not issuing one); State v. Hill,
 382 S.C. 360, 369, 675 S.E.2d 764, 769 (Ct. App. 2009) (finding a mistrial
 should be granted only when absolutely necessary and should only result when
 the defendant can show both error and resulting prejudice); State v. Crawley, 349
 S.C. 459, 465, 562 S.E.2d 683, 686 (Ct. App. 2002) ("[T]he power of
 the court to declare a mistrial should be used with the greatest caution and
 for plain and obvious causes."); State v. Haselden, 353 S.C. 190,
 197, 577 S.E.2d 445, 448-49 (2003) (holding an error in admission of evidence
 is harmless when it is merely cumulative to other unobjected-to evidence).
AFFIRMED.
PIEPER, GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.
[2] During cross-examination
 by defense counsel, the victim's teacher did not actually testify that the
 victim did not have a prior disciplinary record; she only testified in front of
 the jury that she could not recall any prior disciplinary actions. 
 Thus, we find her testimony, standing alone, was insufficient to allow general
 impeachment of an alleged improper statement by a witness.